Chris A. HILTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–9407–CR–670.

Supreme Court of Indiana.

March 31, 1995.

Jeffrey G. Raff, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

SELBY, Justice.

After a jury trial, Chris A. Hilton (Hilton) was convicted of Murder, and was sentenced to sixty years in prison. The questions presented on appeal are whether the trial court erred in excluding the testimony of James Sims, and whether the trial court's findings were sufficient to support enhancement of Hilton's sentence. We hold that the trial court did not err on either ground, and affirm.

### I.

On August 29, 1993, Hilton, Alphonso Garcia (Garcia), Johnny Rouse (Rouse), and Makeisha Brown went to the Spring Harbor Apartments in Fort Wayne, Indiana, because Hilton had learned that his girlfriend was in apartment twelve of the complex and that she had been raped by an African–American male. Each of the thirty-one buildings in the complex had an apartment numbered twelve, one of which was occupied by Paul Rossetti, a Caucasian. Hilton knocked upon several doors before coming to Rossetti's apartment. Rossetti allowed Hilton, Garcia, and Rouse to enter when Hilton knocked and asked to use the phone. Upon questioning, Rossetti told Hilton that he had no information regarding Hilton's girlfriend. Hilton became upset and directed Rossetti upstairs to his bedroom and told Rossetti to lie on the bed. Hilton ordered Rossetti to place a pillow over his head, and then shot him twice at close range, killing him. Hilton was convicted of Murder after a jury trial. The trial judge sentenced him to sixty years in prison, consisting of the forty-year presumptive sentence and a twenty-year enhancement. This appeal followed.

## II.

■ Hilton first argues that the trial court erred in excluding the testimony of James Sims. Hilton alleges that Sims would have testified that he heard Garcia tell a third person that Garcia shot Rossetti. The trial court deemed Sims' testimony inadmissible, based upon Hilton's failure to establish a proper foundation for impeachment of Garcia, and because the testimony was hearsay.

Hilton asserts that Sims' testimony was admissible under Indiana Evidence Rule 613(b), which allows impeachment of a witness's "prior inconsistent statement." Statements offered for this purpose are not hearsay. Evid.R. 801(d). To impeach a witness with a prior inconsistent statement, "a proper foundation must be laid to warn the witness and enable him to deny or explain the prior statement. The foundation is properly laid if the question adequately calls the statement to the witness's attention and enables him to form a sufficient recollection." *Lewis v. State* (1983), Ind., 451 N.E.2d 50, 54. Evidence Rule 801(d)(1) requires that the declarant (Garcia) testify at trial, and be "subject to cross-examination concerning the statement." Upon review of the record, we agree with the trial court that Hilton failed to establish a proper foundation for impeachment, since Hilton did not avail himself of the opportunity to cross-examine Garcia about the statements allegedly overheard by Sims. Garcia, therefore, made no statements about the alleged conversation that might be inconsistent with Sims' recollection.

■ Even if Hilton had laid a proper foundation for Sims' testimony, he waived this issue by failing to submit an adequate offer of proof. " 'An offer of proof must be certain and must definitely state the facts sought to be proved, and must show the materiality, competency, and relevancy of the evidence offered.' " *Tope v. State* (1977), Ind., 362 N.E.2d 137, 142, *cert. denied,* 434 U.S. 869, 98 S.Ct. 209, 54 L.Ed.2d 146 (quoting 28 I.L.E. *Trial* § 45 at 44 (1960)). Hilton's offer of proof is as follows:

> If Mr. Sims is permitted to testify, I believe that he will testify that sometime a couple months after this incident he overheard a conversation involving Alfonso Garcia, wherein Mr. Garcia indicated that he had been the one who had committed the crime.

Hilton's offer of proof lacks specificity and fails to establish such material facts as when the conversation took place, where the conversation took place, and who was present at the time. Additionally, Hilton phrases his offer of proof "I believe," and he fails to adequately assure the court that the offer truly represents the substance of Sims' testimony.[1] Thus Hilton failed to lay the requisite foundation for admission of Sims' testimony, and waived this issue by failing to submit an adequate offer of proof. The trial court, therefore, did not err in excluding Sims' testimony.[2]

## III.

■ Hilton next argues that the trial court unreasonably enhanced his forty-year presumptive sentence with an additional twenty years.[3] Ind.Code § 35–50–2–3 (1993) (amended 1994). We will not revise a sentence authorized by statute, as in this case, unless the sentence is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind.Appellate Rule 17(B)(1). "A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which

---

1. There is some question as to what Sims would testify; the State asserted that Sims would testify that Garcia said "that Chris [Hilton] got the guy." Sims was not present during the offer of proof.

2. Hilton cursorily argues that the evidence is insufficient to support his conviction, relying wholly upon his arguments on the admissibility of Sims' testimony. Based upon our disposition of the admissibility issue, we need not address this argument.

3. The trial court found no mitigators and the following aggravators: Hilton's history of criminal and delinquent activity; Hilton's ample opportunity to mend his ways; Hilton's need for corrective or rehabilitative treatment best provided by a penal facility; and the fact that Hilton murdered Rossetti while awaiting trial for another offense. Hilton does not challenge these findings.

such sentence was imposed." App.R. 17(B)(2). We hold that the twenty-year enhancement was not manifestly unreasonable under the circumstances of this case.

The trial court is AFFIRMED.

SHEPARD, C.J., and DeBRULER, DICKSON, SULLIVAN, JJ., concur.