**STATE of Indiana, Appellant–Plaintiff,**

v.

**Dow WILSON, Appellee–Defendant.**

**No. 49A05–0310–CR–526.**

Court of Appeals of Indiana.

Oct. 12, 2004.

Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Ellen M. O'Connor, Public Defender Agency, Indianapolis, IN, Attorney for Appellee.

**OPINION**

MAY, Judge.

Dow Wilson was charged with two counts of welfare fraud as Class C felo-

nies,[1] one count of welfare fraud as a Class D felony,[2] and one count of theft as a Class D felony.[3] The State brings this interlocutory appeal from the trial court's decision to exclude the testimony of Wilson's spouse, Heidi Davie–Wilson ("Heidi"). The trial court certified one question for appeal. However, we are unable to address that question because the State waived appellate review of the exclusion of Heidi's testimony.

We affirm and remand.

## FACTS AND PROCEDURAL HISTORY

Stephen Golden, Assistant Chief of Police for the Indianapolis Housing Agency ("IHA"), investigated Heidi and Wilson after receiving an anonymous telephone call alleging the two fraudulently obtained Section 8 housing.

To secure Section 8 housing, Heidi and Wilson submitted various documents with their housing application. The application included information about their finances and their family's living arrangements. When reviewing the Wilsons' files, Detective Golden noticed several discrepancies in the couple's paperwork, such as claims the children lived with the couple when in fact the children had previously been removed by court order. Detective Golden also noticed Wilson's income was not accurately reported.

On March 3, 2003, both Heidi and Wilson were charged with three counts of welfare fraud and one count of theft. The State granted Heidi immunity and listed her as a State's witness. Wilson waived trial by jury, and a bench trial commenced

on August 21, 2003. When the State called Heidi to testify, Wilson objected, claiming he was protected by spousal privilege. The State argued the questions it was going to ask Heidi were not privileged spousal communications because the information was communicated with a third party present.

The record indicates the trial court was ready to deny Wilson's motion to exclude Heidi's testimony based on *Rubalcada v. State*, 731 N.E.2d 1015 (Ind.2000). The trial court stated:

> Actually, [a fellow judge] prepared me for this challenge, and she provided a case for me. I'll cite the case. It's [*Rubalcada*]. It says, among other things, "Not every communication between spouses is protected by virtue of the marital relationship. Only those communications passing from one marriage partner to the other because of the confidence resulting from their intimate marriage relationship shall receive protection." … So, the witness may testify over objection.

(Tr. at 70.)

Wilson's counsel then persuaded the court that Ind.Code § 34–46–3–2[4] controlled over *Rubalcada*. The trial court stated:

> Let me see that statute. My ruling is going to be that the statute seems pretty clear. When a husband and [sic] wife is a party and not required to testify in his or her own behalf, the person's spouse shall also be excluded. That seems to be a fairly straightforward

1. Ind.Code § 35–43–5–7.

2. Ind.Code § 35–43–5–7.

3. Ind.Code § 35–43–4–2.

4. Ind.Code § 34–46–3–2 states: "When the husband or wife is a party, and not required to testify in his or her own behalf, the person's spouse shall also be excluded."

statement. So, I'm going to exclude her testimony.

(*Id.* at 78.)

## DISCUSSION AND DECISION

■ The State brought this interlocutory appeal pursuant to Ind. Appellate Rule 14(B)(1)(c)(ii), which authorizes an appeal involving a substantial question of law.[5] We review *de novo* a trial court's conclusions regarding questions of law. *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind.2000).

The State argues Ind.Code § 34–46–3–2, which addresses spousal privileges, protects privileged communications only in the context of civil matters. Because this is a criminal case, the State argues the trial court's conclusion that the statute controls was erroneous. Second, the State argues Wilson's application for housing is not a privileged communication, and even if the communication were privileged, Wilson waived any privilege by submitting the application for housing to the IHA.

However, we may not address the State's arguments because the State failed to submit an adequate offer of proof and has therefore waived appellate review of the exclusion of Heidi's testimony.

■ An offer of proof is the method by which the proponent of evidence preserves any error in its exclusion. When the proponent does not make an offer of proof, he has not adequately preserved the exclusion of the witness' testimony as an issue for appellate review. *Bedree v. Bedree*, 747 N.E.2d 1192, 1196 (Ind.Ct.App. 2001); *see also State v. Snyder*, 732 N.E.2d 1240, 1246 (Ind.Ct.App.2000) (the proponent of excluded evidence must make a formal offer of proof at trial or the error

is waived and not preserved for appeal). An offer of proof provides us with the scope and effect of the area of inquiry and the proposed answers, in order that we may consider whether the trial court's ruling excluding the evidence was proper. Thus, the offer of proof must be certain, must definitely state the facts sought to be proved, and must show the materiality, competency, and relevancy of the evidence offered. *Hilton v. State*, 648 N.E.2d 361, 362 (Ind.1995).

In *Hilton*, the offer of proof was:

> If Mr. Sims is permitted to testify, I believe that he will testify that sometime a couple months after this incident he overheard a conversation involving Alfonso Garcia, wherein Mr. Garcia indicated that he had been the one who had committed the crime.

*Id.* Our supreme court held:

> Hilton's offer of proof lacks specificity and fails to establish such material facts as when the conversation took place, where the conversation took place, and who was present at the time. Additionally, Hilton phrases his offer of proof, 'I believe,' and he fails to adequately assure the court that the offer truly represents the substance of Sims' testimony. Thus Hilton failed to lay the requisite foundation for admission of Sims' testimony, and waived this issue by failing to submit an adequate offer of proof.

*Id.*

Heidi's testimony was excluded before she took the witness stand. The State's attorney responded to Wilson's objection to Heidi's testimony by stating:

> I think for one this is a little premature, because the [defense] [does not] know if

---

5. As required by that appellate rule, the trial court certified its order and we accepted jurisdiction.

our questions are even going to ask about spousal communication, *which I'm not sure that they will. I think our questions* are going to be more directed as to, '[Heidi], on January 19th of 1999, did you go to the office of Housing Authority and put in an application for Section 8 rent? Who accompanied you there?'

(Tr. at 76–77) (emphasis supplied). The State's response referred only to the questions which the prosecutor intended to ask. It did not refer to the proposed answers which the State expected to elicit. Assuming the State intended this statement to be an 'offer of proof,' it was tentative at best and did not definitely state the facts sought to be proved. Nor did the State's offer of proof show the materiality, competency, and relevancy of the evidence offered. *See Hilton,* 648 N.E.2d at 362. Accordingly, the State failed to submit an adequate offer of proof and therefore has not preserved the exclusion of Heidi's testimony as an issue for appellate review. *See Bedree,* 747 N.E.2d at 1196.

## CONCLUSION

The State did not provide an adequate offer of proof at trial and thereby waived its argument regarding the trial court's exclusion of Heidi's testimony.

Affirmed and remanded.

SULLIVAN, J., and VAIDIK, J., concur.