# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



**FILED**

Jun 18 2012, 9:46 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHEPELL ORR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1107-CR-308 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1001-MR-1

**June 18, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a jury trial, Shepell Orr appeals his two convictions of murder, which are felonies. He raises a single issue, which we restate as whether the trial court committed reversible error in allowing the State to attempt to impeach a witness with extrinsic evidence of a prior inconsistent statement. Concluding the trial court did not reversibly err, we affirm.

## Facts and Procedural History

On December 30, 2009, as Orr was leaving an apartment building of a friend and while he was walking past Tyray Tolbert, LaTonya Burnette, Steven Williams, and Joshua Haywood, a verbal dispute arose between Williams and Orr. Orr retrieved a gun from his truck and opened fire. Tolbert and Burnette ran, and Williams and Haywood were soon found dead with eleven total gunshot wounds.

The State charged Orr with two counts of murder. At the jury trial, Burnette testified that she did not see a gun or altercation that night and only heard gunshots. Apparently this conflicted with what Burnette told others on the night of the incident. Following a hearing outside the presence of the jury, the State called Michelle Jones to testify regarding what Burnette told Jones on the night of the incident. In addition, one of Orr's fellow inmates while Orr awaited trial testified that Orr admitted to him that he committed the murders. The jury found Orr guilty as charged and, following a hearing, the trial court entered a judgment of conviction as to both counts of murder and sentenced Orr to two consecutive terms of fifty-five years, for a total of one hundred and ten years. Orr now appeals his convictions. Additional facts will be supplied as appropriate.

## Discussion and Decision

### I. Standard of Review

A trial court has "inherent discretionary power" in determining the admission of evidence, and we review its decisions for an abuse of discretion. Vasquez v. State, 868 N.E.2d 473, 476 (Ind. 2007) (quotation omitted). When a defendant fails to make a contemporaneous objection to the admission of evidence at trial, however, any error is generally waived for purposes of appeal. Jackson v. State, 735 N.E.2d 1146, 1152 (Ind. 2000).

The purpose of requiring a contemporaneous objection is to afford the trial court an opportunity to make a final ruling on the matter in the context which the evidence is introduced. Id. This is why, for example, pointing to a motion to suppress, a hearing thereon, or other similar hearing, does not satisfy this requirement. See id. Similarly, the rule allows trial court judges to consider the issues in light of any fresh developments – in the law, facts of the case, or anything related to the trial itself – as may be appropriate, and to correct any errors in prior rulings on the issues. Brown v. State, 929 N.E.2d 204, 207 (Ind. 2010).

Nonetheless, Orr makes the following statement in a footnote of his appellate brief:

> [Michelle] Jones[,] [the witness whose testimony Orr now challenges,] was the first witness to testify on May 6, 2011. Late the previous afternoon, after the jury was excused, the trial court conducted a lengthy hearing on the hearsay and impeachment issues that would surface when Jones testified. In that hearing, counsel for Orr noted that Burnett [sic] had never been confronted with her purported statements to Jones, a foundational requirement for impeachment. The trial court summarily rejected that argument . . . .

3

When Jones testified first thing the following morning before the jury, no objection was then lodged by Orr to Jones' testimony about Burnett's [sic] hearsay statements. Orr contends, however, the hearing conducted at the close of business the previous afternoon sufficiently demonstrated Orr's objection to admission of the statements for impeachment purposes and the trial court's clear opportunity to address same. In short, Orr contends that the previous day's hearing contains his "contemporary" objection to the admission of the testimony at issue her. [sic]

Brief of Appellant at 5-6 n.2 (citations to transcript omitted).

At the hearing to which Orr refers, the trial court stated:

I'm going to keep that [(its decision concerning the issue Orr now raises)] as a ruling right now. I will give you until Michelle [Jones] testifies to give me case law of some sort that would suggest to me otherwise. The issue is not closed. I mean, everything that I'm talking about is open for further discussion and that's how I typically run things. Make the offer of proof and we will go forward.

Transcript at 635.

Orr's attorney responded: "I would – before we put Michelle [Jones] on, I will make my offer to prove about that . . . ." Id. But Orr's attorney did not object or make an offer of proof the next day, either before or during Jones's testimony.[1,2]

Upon considering the rationale for the rule requiring an objection be contemporaneous (and especially in light of the trial court's explicit reminder that Orr must raise the issue again), we conclude that Orr's statements on the matter at an earlier hearing do not constitute a contemporaneous objection. Where a party fails to object at the time statements are

---

[1] At the end of Jones's direct examination by the State, Orr's counsel reminded the trial court to give the jury a limiting instruction, which it did. See id. at 649.

[2] We note that Orr somewhat confuses the issues by referring to an offer of proof. An offer of proof is made by the proponent of evidence when the trial court declines to allow certain items or statements into evidence. Evid. R. 103(a)(2). Whereas an objection is made by a party challenging the admission into

4

introduced into evidence, any error in allowing statements into evidence must rise to the level of fundamental error to warrant reversal. Brown, 929 N.E.2d at 207. Fundamental error is an exception to the general rule requiring contemporaneous objection that is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." Id. This exception applies only to "egregious circumstances," and must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." Id. (citations omitted). Anything less than fundamental error is, in this case, harmless error and not grounds for reversal. See Munford v. State, 923 N.E.2d 11, 17 (Ind. Ct. App. 2010).

## II. Extrinsic Evidence of Prior Inconsistent Statement of Witness

Orr argues on appeal that the State failed to satisfy a prerequisite for introducing extrinsic evidence of a prior inconsistent statement of Burnette. The specific extrinsic evidence Orr challenges is testimony by Michelle Jones. As noted above, this issue was anticipated and discussed at a hearing on the record and outside the presence of the jury after Burnette's testimony and prior to Jones's testimony. At the close of this hearing, the trial court decided that Jones would be allowed to testify regarding what Burnette told Jones on the night of the incident. Essentially, Orr now complains that while Burnette testified she was not confronted with the statements she apparently made to Jones and given an opportunity to explain or deny the same.

---

evidence of certain items or statements. Evid R. 103(a)(1). An offer of proof is irrelevant to this appeal.

The relevant rule, Indiana Evidence Rule 613(b), provides:

Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require. This provision does not apply to statements of a party-opponent as defined in Rule 801(d)(2).

It is notable that Burnette was not confronted at or before trial with the statements she made to Jones, but Rule 613(b) does not require Burnette actually explain or deny the prior inconsistent statement. Rather, the rule requires Burnette to have been "afforded an opportunity" to do so, or that the "interests of justice otherwise require." Id. The significance of these two portions of the rule warrant further discussion.

First, Evidence Rule 613(b) generally requires Burnette to have been afforded an opportunity to explain or deny the prior inconsistent statements of which the admission into evidence is at issue, but the rule does not specify the timing of that opportunity. Our research has not revealed an Indiana appellate opinion on the timing aspect of this rule, but federal courts have discussed this issue in great detail. Because of the similarity between the Indiana Rules of Evidence and the Federal Rules of Evidence, a federal court's interpretation of the Federal Rules of Evidence "may be of some utility." Palacios v. State, 926 N.E.2d 1026, 1032 n.3 (Ind. Ct. App. 2010) (citation omitted).

In addressing this issue, federal courts have consistently held that the "opportunity to explain or deny the prior inconsistent statement" requirement may be satisfied if the witness is "permitted – at some point" to do so. U.S. v. Young, 86 F.3d 944, 949 (9th Cir. 1996). As relevant here, a party who is able to recall a witness to explain or deny prior statements

cannot later object on the basis of Rule 613(b). Id.; see U.S. v. Della Rose, 403 F.3d 891, 903 (7th Cir. 2005) ("But the rule [(Federal Rule of Evidence 613(b))] itself says only that the witness must have the opportunity to explain or deny his prior statement; it does not say that he must be given that opportunity before extrinsic evidence of the statement is admitted. Thus, the fact that Britz had not been asked about his statement to DeFrancesco on cross-examination did not necessarily preclude the defense from eliciting testimony from DeFrancesco about the statement; the government could have brought Britz back to the stand in its rebuttal case and asked him about the statement at that time.") (emphasis in original) (citation omitted). The Eleventh Circuit Court of Appeals stated:

> Traditionally, prior inconsistent statements of a witness could not be proved by extrinsic evidence unless and until the witness was first confronted with the impeaching statement. Rule 613(b) modifies this approach, however, by merely requiring that the witness be provided an opportunity to explain the statement at some point in the proceedings. There need be no particular sequence or timing, so long as the witness has that opportunity to explain the statement. . . .
> . . . Rule 613(b) does not supplant the traditional method of confronting a witness with his inconsistent statement prior to its introduction into evidence as the preferred method of proceeding. In fact, where the proponent of the testimony fails to do so, and the witness subsequently becomes unavailable, the proponent runs the risk that the court will properly exercise its discretion to not allow the admission of the prior statement. For this reason, most courts consider the touchstone of admissibility under Rule 613(b) to be the continued availability of the witness for recall to explain the inconsistent statements.

Wammock v. Celotex Corp., 793 F.2d 1518, 1521-22 (11th Cir. 1986) (emphasis in original) (citations omitted).

7

Indiana appellate courts have not opined on this issue directly.[3] But the federal approach makes sense and is consistent with Indiana appellate opinions regarding a similar issue. For instance, in Clark v. State, 808 N.E.2d 1183 (Ind. 2004), our supreme court held that a criminal defendant's right to an opportunity to cross-examine and confront a witness face-to-face was not violated because the defendant could have recalled that witness to confront and question him regarding a statement introduced into evidence after the witness testified. Id. at 1190. In Fowler v. State, 829 N.E.2d 459, 465 (Ind. 2005), cert. denied, 547 U.S. 1193 (2006), also addressing the confrontation clause, the supreme court concluded that even though the witness left the stand without the defendant's cross-examination, the defendant's failure to explain why he could not have recalled the witness left his appellate challenge wanting.

Therefore, we conclude that under Indiana Evidence Rule 613(b), a witness's requisite "opportunity to explain or deny" a prior inconsistent statement may be satisfied at any point in the proceedings, with two caveats. The first caveat is that, as stated in Wammock, the traditional method of confronting a witness with the statement before extrinsic evidence is introduced into evidence remains the preferred method. The second caveat, as explained more fully below, is that the trial court has wide discretion in this matter. Indeed, as the rule states, the trial court should rule as "the interests of justice" require.

Further, as relevant here, the record reflects that Orr's trial attorney was aware of and, at least for a time, considered recalling Burnette as a witness:

_____

[3] We note that the Indiana Practice Series suggests that the federal approach would be appropriate in

8

> THE COURT: Is Burnette excused?
> [Orr's trial attorney]: We have to wait until after Michelle Jones testifies.
> [State]: Frankly, Judge, I was – from my perspective, I'm not going to call her again, so it's up –
> [Orr's trial attorney]: But I may have to depending on what Michelle Jones is going to try to say LaTonya Burnette said certain things. [sic]

Tr. at 612. Our holding here is not a departure from the current law or practice in Indiana state courts. We merely clarify the proper – and preferred – procedure under Rule 613(b).[4]

We now discuss a second, significant portion of Indiana Evidence Rule 613(b), the clause which qualifies the general inadmissibility of extrinsic evidence of a prior inconsistent statement unless "the interests of justice otherwise require." The Regional Advisory Committee Commentary states:

> Indiana Rule 613 adopts in major part the text and grammatical style of [Federal Rules of Evidence] 613, and its precursor in the [Uniform Rules of

---

Indiana. See 13 Ind. Prac. Evidence § 613.201 (3d ed. 2011) (citing Della Rose).

[4] Orr relies on Hilton v. State, 648 N.E.2d 361 (Ind. 1995), disapproved of on other grounds by State v. Wilson, 836 N.E.2d 407, 409-10 (Ind. 2005). Hilton states that Rule 613(b) requires a witness be given an opportunity to answer a "question [which] adequately calls the [prior inconsistent] statement to the witness's attention and enables him to form a sufficient recollection." (citation omitted). Hilton does not discuss the sequence of such questioning. Nor does Hilton explicitly state whose burden it is to ensure that an opportunity is taken advantage of.

Hilton approaches the issue from an angle different than that of Orr. In Hilton, the trial court refused to allow the defendant to introduce extrinsic evidence to impeach the State's witness; in Orr's case, the trial court allowed the State to introduce extrinsic evidence to impeach its own witness. In Hilton, the defendant did not cross-examine a State's witness in such a way as to call attention to that witness's prior inconsistent statement, and the trial court declined to allow the defendant to introduce extrinsic evidence of that witness's prior inconsistent statement. That decision was within the trial court's discretion. Hilton does not discuss the facts surrounding that decision and the supreme court opinion upholding that decision does not bind us here. Admittedly, Orr would have had no reason to cross-examine Burnette in such a way as to call Burnette's attention to her prior inconsistent statement because Burnette's testimony supported Orr's theory of the case. The trial court exercised its discretion in allowing the State to introduce extrinsic evidence (in the form of Jones's testimony) of Burnette's prior inconsistent statement, and then Orr had both an opportunity to cross-examine Jones (to mitigate the effect of her testimony) and to recall Burnette as a witness (to rebut Jones's testimony attacking Burnette's credibility). Orr's decision to not recall Burnette might have been a matter of trial strategy, and a reasonable one at that. In any event, the trial court appears to have properly exercised its discretion in Orr's case, just as it apparently properly exercised its discretion in a different way in Hilton. Hilton is not helpful to Orr's cause on appeal.

9

Evidence] 613. As adopted, Rule 613 represents a substantial change in Indiana law as reflected in the common law. Rule 613 moves away from the formalistic, and sometimes mechanical, approach to the impeachment process, and provides greater flexibility to the practitioner and the trial court in utilizing and regulating the use of prior statements during witness testimony.

13A Ind. Prac., Indiana Evid. App. B R 613 (3d ed. 2011).

Trial courts have discretion to admit extrinsic evidence of the prior statement even if the impeachee had no opportunity to explain or deny or if the adverse party had no opportunity to question the statement. 13 Ind. Prac., Indiana Evidence § 613.202 (3d ed. 2011). Trial courts also have discretion to require an impeachee's opportunity to explain precede admission of extrinsic evidence of the prior statement. Evid. R. 613(b); see Evid. R. 611(a); see also Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence, § 332 at 519-20 (2nd ed. 1994) ("Occasionally, . . . courts still insist on laying the foundation first, and it seems probable that they have authority to do so under FRE 611.") (quoted in Della Rose, 403 F.3d at 903). In determining whether to require a specific sequence, trial courts should consider: the trial court's inclination to allow the impeachee to be recalled as a witness to explain, the witness's availability to be recalled, the likelihood of unfair prejudice from repetition of evidence admissible only for impeachment, 13 Ind. Prac., Indiana Evidence § 613.202, and other factors, for example, the importance of the credibility of the impeachee to the resolution of the case.[5]

Here, the trial court allowed Jones to testify before Burnette was confronted with an

---

[5] This last factor, the importance of the credibility of the impeachee to resolution of the case, might become relevant in appellate consideration of whether a trial court's abuse of discretion warrants reversal or constitutes harmless error because sufficient, independent evidence of guilt was presented.

opportunity to explain or deny her statement to Jones. Orr concedes that "the evidence complained of here . . . generally tracks other evidence heard by the jury – the testimony of Tyray Tolbert, who was Burnett's [sic] companion that evening and who placed Orr at the scene, with a gun, making homicidal threats." Br. of Appellant at 7. He argues that Tolbert's credibility at trial was questionable though, and that when Jones impeached Burnette's credibility, Tolbert's was also bolstered, to Orr's detriment. But this scenario, which is unfortunate for Orr, would have been the case even if the State laid the foundation for Jones's testimony, as Orr seeks and Jones testified, in his view, properly. This scenario that Orr describes is not a direct result of the trial court's discretionary decisions, and therefore, we cannot conclude that it exercised its discretion in a manner that warrants reversal.[6]

For these reasons, we conclude Orr has failed to demonstrate the trial court committed an error which made a fair trial impossible or constitutes clearly blatant violations of basic and elementary principles of due process.

Conclusion

The trial court did not commit fundamental error in allowing Jones to testify regarding a prior inconsistent statement by Burnette. Therefore, we affirm.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.

---

[6] Orr also seems to argue that the trial court's limiting instruction to the jury was inadequate. He did not object to the adequacy at trial, and as a result, he has waived this error for our review. See Stahl v. State, 616 N.E.2d 9, 13 (Ind. 1993).

11