*633 BARNES, Judge,
dissenting.
I dissent because I believe my colleagues, as well as the trial court, applied a too stringent standard in their interpretation of Evidence Rule 613(b). It is clear to me that Federal Rule of Evidence 613(b), which is identical to Indiana Evidence Rule 613(b), allows impeachment by prior inconsistent statements after the witness to be impeached has already testified. This is true even if the party wanting to introduce the prior inconsistent statements did not cross-examine the witness about those statements. See U.S. v. Della Rose, 403 F.3d 891, 903 (7th Cir.2005); U.S. v. Schnapp, 322 F.3d 564, 570-71 (8th Cir. 2003); U.S. v. Young, 86 F.3d 944, 949 (9th Cir.1996); U.S. v. McCall, 85 F.3d 1193, 1196-97 (6th Cir.1996); Wammock v. Celotex Corp., 793 F.2d 1518, 1521-22 (11th Cir.1986). The Advisory Committee notes to Federal Rule of Evidence 613(b) state in part, “The traditional insistence that the attendance of the witness be directed to the statement on cross-examination is relaxed in favor of simply providing the witness an opportunity to explain and the opposite party an opportunity to examine on the statement, with no specification of any particular time or sequence.”
In Orr v. State, 968 N.E.2d 858, 863 (Ind.Ct.App.2012), prior to Griffith’s trial, another panel of this court adopted the federal interpretation of Evidence Rule 613(b). The Orr panel did state that the preferred procedure is to confront a witness with a prior inconsistent statement before it is introduced into evidence and that trial courts retain wide discretion in deciding the proper sequence for impeachment. The panel made clear, however, that “a party who is able to recall a witness to explain or deny prior statements cannot later object on the basis of Rule 613(b).” Orr, 968 N.E.2d at 862. The panel also noted that Evidence Rule 613(b) permits the introduction of prior inconsistent statements without any opportunity for explanation if “the interests of justice otherwise require.” Id. at 864. The panel concluded:
In determining whether to require a specific sequence, trial courts should consider: the trial court’s inclination to allow the impeachee to be recalled as a witness to explain, the witness’s availability to be recalled, the likelihood of unfair prejudice from repetition of evidence admissible only for impeachment, and other factors, for example, the importance of the credibility of the impea-chee to the resolution of the case.
Id. at 865 (citation omitted).
Here, the trial court categorically excluded the possibility of Griffith presenting his impeachment evidence without any examination of whether Darren would be available to be recalled by the State to explain his prior inconsistent statements or of the danger of unfair prejudice. It also is clear that Darren’s credibility about the sequence of events—whether he struck Griffith several times with a large piece of wood before Griffith stabbed him, or vice versa—was very important to the resolution of the case and Griffith’s self-defense claim. The trial court apparently believed Griffith was required to cross-examine Darren about those statements during the State’s case-in-chief, but as Orr had already held, Evidence Rule 613(b) did not require him to do so. The trial court’s ruling was based on a misinterpretation of the law, in my view. A trial court abuses its discretion in ruling on the admissibility of evidence if it has misinterpreted the law. Bryant v. State, 959 N.E.2d 315, 321 (Ind.Ct.App.2011).
Also, Griffith proposed to address the trial court’s and the State’s concerns about sequence by offering to first call Darren as his own witness to question him about the *634 prior inconsistent statements before introducing them into evidence.[2] Again, the trial court categorically refused to allow this procedure. It apparently did so based upon cases such as Griffin v. State, 754 N.E.2d 899 (Ind.2001), and Appleton v. State, 740 N.E.2d 122 (Ind.2001). Those cases state that, under Evidence Rule 607, a party cannot call a witness when the party’s sole purpose in doing so is to introduce otherwise inadmissible- evidence to the jury cloaked as impeachment. Griffin, 754 N.E.2d at 904; Appleton, 740 N.E.2d at 125. This rule does not apply “where the witness observed the underlying crime and provided, on the stand, other relevant testimony.” Herron v. State, 10 N.E.3d 552, 556 (Ind.Ct.App.2014). Here, Darren was of course a witness to the crime; he was the alleged victim and testified on behalf of the State. Griffith’s attempt to recall Darren was not just an attempt to introduce otherwise inadmissible hearsay evidence, rather, it was for the purpose of impeaching the testimony he had already given and to give him an opportunity to admit to, explain, or disown the prior inconsistent statements. I do not believe the Griffin/Appleton rule should have barred Griffith’s attempt to recall Darren under these circumstances.
I also observe that, even if it would have been preferable for Griffith to have questioned Darren about his alleged prior inconsistent statements during cross-examination, to completely foreclose his ability to present any evidence of those statements without good reason threatened Griffith’s Sixth Amendment right to present a defense.
The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant’s version of the facts .as well as the prosecution’s to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution’s witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.
Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). I conclude the trial court abused its discretion in insisting that Griffith had to ask Darren about the prior inconsistent statements during cross-examination and in not exploring other avenues to allow introduction of those statements, such as by allowing either Griffith or the State to recall Darren.
Finally, I cannot conclude that this error in the exclusion of Darren’s prior inconsistent statements was harmless. Certainly, there is sufficient evidence to sustain Griffith’s conviction despite the error; indeed, there is the possibility that the result of the trial would have been the same even if Griffith-was allowed to introduce the statements. However, the harmless error test is different than the test for sufficiency of the evidence. See Hall v. State, 796 *635 N.E.2d 388, 396-97 (Ind.Ct.App.2003), trcms. denied. “The test for harmless error is not whether there was substantial evidence of the defendant’s guilt but whether the error contributed to the verdict.” Id. at 397. Errors in excluding impeachment evidence may be harmless if the impeachment involved a subject that neither bore directly on an element of the offense or a matter at issue in the case. Rodgers v. State, 422 N.E.2d 1211, 1214 (Ind.1981). Here, the impeachment bore directly upon whether Griffith acted in self-defense when he stabbed Darren, which obviously is the central matter at issue in this case. I vote to reverse Griffith’s conviction and to remand for a new trial. Because I vote to reverse, I offer no opinion at this time on the appropriateness of Griffith’s sentence.

. The majority states that Griffith did not attempt to call Darren as a witness. I believe the record reflects that Griffith did in fact say he would call Darren as a witness, but the trial court would not allow him to do so. In other words, I conclude Griffith adequately advised the trial court of what he wanted to do and the trial court ruled against him. In order to preserve his claim of error, Griffith was not required to beat a dead horse by repeatedly attempting to call Darren as a witness after the trial court had clearly indicated it would not allow him to do. See Corbdlly v. State, 5 N.E.3d 463, 468 (Ind.Ct.App.2014) (holding defendant’s withdrawal of objection did not constitute waiver of error on appeal where trial court had indicated it would overrule objection unless defendant made improper stipulation demanded by trial court).