Edward Lee JACKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 43S00–9903–CR–196.

Supreme Court of Indiana.

Oct. 4, 2000.

Christopher D. Kehler, Kehler Law Office, P.C., Warsaw, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

RUCKER, Justice

After a trial by jury Edward Lee Jackson was convicted of child molesting as a Class A felony and also was adjudged a habitual offender. In this direct appeal, Jackson raises four issues for our review which we rephrase as follows: (1) was Jackson denied the right of confrontation when the trial court admitted into evidence the deposition testimony of a police witness in lieu of live testimony; (2) did the trial court err by admitting into evidence the results of Jackson's polygraph examination and related exhibits; (3) did the trial court err by admitting into evidence Jackson's inculpatory statement; and (4) did the trial court abuse its discretion when sentencing Jackson. We affirm.

### Facts

The record shows that over a period of approximately seven years, Jackson occasionally lived with his girlfriend and her minor daughter, E.C. On several occasions during that period, thirty-plus year old Jackson engaged E.C. in sexual intercourse. The first assault occurred when E.C. was only five years of age. The last took place in March 1997 when E.C. was eleven. During their investigation, officers of the Warsaw Police Department confronted Jackson concerning the child molesting allegations. Jackson initially denied the allegations and agreed to take a polygraph test. After the test indicated deception, Jackson admitted engaging E.C. in sexual intercourse but claimed it occurred only once and not numerous times as alleged. He also claimed the one occasion did not happen in March 1997.

The State charged Jackson with child molesting as a Class A felony. The State also alleged that Jackson was a habitual offender based on two prior convictions for child molesting. In the guilt phase of trial, the State introduced into evidence the results of the polygraph examination and related exhibits along with Jackson's incriminating statement. Because the officer who conducted the polygraph examination was not present for trial, the State moved to introduce the officer's deposition testimony. The trial court granted the motion over Jackson's objection. The jury returned a verdict of guilty as charged and also adjudged Jackson a habitual offender. The trial court sentenced Jackson to the maximum term of fifty years for child molesting enhanced by an additional thirty years for the habitual offender adjudication. This direct appeal followed. Additional facts are set forth below where relevant.

### Discussion

### I.

▮▮▮▮ Jackson first contends that he was denied the right of confrontation when the trial court admitted into evidence the deposition testimony of the polygraph examiner in lieu of the officer's live testimony. The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions the accused shall enjoy the right ... to be confronted with the witnesses against him." The Fourteenth Amendment makes this right of confrontation applicable to the states.[1] *Pointer v. Texas,* 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *State v. Owings,* 622

N.E.2d 948, 950 (Ind.1993). The essential purpose of the Sixth Amendment right of confrontation is to insure that the defendant has the opportunity to cross-examine the witnesses against him. *Id.*

▮▮▮▮ As a general rule the deposition testimony of an absent witness offered in court to prove the truth of the matter asserted represents classic hearsay. However, under both Indiana Trial Rule 32 and Indiana Evidence Rule 804 this hearsay testimony may be admissible as evidence at trial as an exception to the hearsay rule.[2] Nonetheless, the Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay: (1) the hearsay must bear a sufficient indicia of reliability, and (2) the prosecution must either produce or demonstrate the unavailability of the declarant whose statement it wishes to use against the defendant. *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *Owings,* 622 N.E.2d at 952; *compare White v. Illinois,* 502 U.S. 346, 356–57, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992) (limiting the reach of *Roberts* to statements given in a prior proceeding). A deposition that comports with the principal purposes of cross-examination provides sufficient indicia of reliability. *Owings,* 622 N.E.2d at 952; *Roberts,* 448 U.S. at 71, 100 S.Ct. 2531 (observing that the principal purpose of cross-examination is to challenge "whether the declarant was sincerely telling what he believed to be the truth, whether the declarant accurately perceived and remembered the matter related, and whether the declarant's intended meaning

1. Although in his Brief of Appellant Jackson refers to Indiana's confrontation clause under Article 1, § 13, he makes no separate argument on that basis. Therefore we decline to address the issue here on Indiana constitutional grounds. *Klein v. State,* 698 N.E.2d 296, 299 (Ind.1998) (failure to present a separate argument based on the Indiana Constitution results in waiver).

2. Under T.R. 32(A)(3)(b) the deposition testimony of an absent witness is admissible at trial provided the court finds "[t]hat the wit-

ness is outside the state, unless it appears that the absence of the witness was procured by the party offering the deposition." Under Evid. R. 804(b)(1) the deposition testimony of an unavailable witness may also be introduced into evidence and "'[u]navailability as a witness' includes situations in which the declarant ... is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance by process or other reasonable means." Evid. R. 804(a)(5).

is adequately conveyed by the language he employed") (quoting David S. Davenport, *The Confrontation Clause and the Co-Conspirator Exception in Criminal Prosecutions: A Functional Analysis*, 85 HARV. L.REV. 1378 (1972)).

■ The record shows that in a motion to suppress hearing conducted in September 1997, the polygraph examiner revealed that he no longer was employed by local law enforcement. Rather, he was scheduled to begin working with the United States Secret Service. Although the record is not completely clear, apparently this information prompted the State to schedule the officer's evidentiary deposition which was taken sometime in November 1997. Defense counsel was given appropriate notice, and the State transported the officer from Glenco, Georgia, the site of the officer's Secret Service training. The record shows that in addition to the officer's testimony that Jackson was being deceptive regarding his denial of sexual contact with E.C., the State also elicited testimony laying a foundation for the admission of four exhibits into evidence: (1) a polygraph interview outline, showing a checklist of topics the officer discussed with Jackson before the polygraph examination began; (2) a form entitled "consent to submit to polygraph examination" which included a *Miranda* advisement and bore Jackson's signature; (3) a form entitled "waiver of objection to use of results of polygraph" which also included a *Miranda* advisement and bore Jackson's signature and the signature of the prosecuting attorney; and (4) a post-examination report declaring that Jackson was not "totally truthful" in response to questions concerning whether he engaged in sexual activity with E.C. The record also shows that although Jackson was not present for the deposition,[3] his counsel did attend and comprehensively examined the officer concerning his training, competency, validity of polygraphs, and the conclusions on which the officer's opinions were based. R. at 312–22. We are satisfied that the deposition in this case comported with the principal purposes of cross-examination and thus provided sufficient indicia of reliability.

■ We have a different view however on the question of whether the officer was unavailable. "[A] witness is not 'unavailable' for purposes of . . . the exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Robert*, 448 U.S. at 74, 100 S.Ct. 2531 (quoting *Barber v. Page*, 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)). The record shows that at the time of trial in March 1998 the officer in question was present in the nation's capital attending a Secret Service training session. The deputy prosecutor conceded to the trial court, "I cannot tell the Court we couldn't get him here, we could." R. at 298. The State argued however that transporting the officer to Indiana for trial would result in the officer falling behind in his course work, and relying on Indiana Trial Rule 32(A), the State also noted that the officer was unavailable because he was outside the state. R. at 298. On this latter point we observe that Rule 32(A) is not applicable to claims involving a violation of a defendant's Sixth Amendment right of confrontation. Rather, the inquiry is whether the State has made a good faith effort to obtain the absent witness' attendance at trial. Here, the State made no effort to obtain the officer's attendance, good faith or otherwise. Accordingly, the officer was not unavailable, and admitting his deposition testimony into evidence was error because it ran afoul of Jackson's Sixth Amendment right of confrontation.

---

3. We have held "[w]here there is no showing in the record that a defendant is unable to attend a deposition and he makes no objection to it proceeding, the defendant waives his right to confrontation. . . ." *Owings*, 622 N.E.2d at 952. In this case the State does not allege waiver, and we do not decide the issue on that ground.

 Nonetheless, a denial of the right of confrontation is harmless error where the evidence supporting the conviction is so convincing that a jury could not have found otherwise. *Walker v. State,* 607 N.E.2d 391, 396 (Ind.1993). The evidence in this case meets the foregoing standard. The record shows that E.C. testified at trial and recounted Jackson's long history of forcing her to engage in sexual intercourse. Her testimony was not shaken on cross-examination. Among other things, E.C. testified the sexual assaults occurred at home on dates when her mother was attending school. The State introduced evidence demonstrating that E.C.'s mother was absent from the home and attending classes on the dates E.C. mentioned. The State also showed that Jackson was present in the home on those occasions. A physician who examined E.C. testified that her hymen was not intact. Although the physician acknowledged that he could not say that sexual intercourse caused the disruption, he testified that the disruption was consistent with multiple instances of sexual intercourse. R. at 353. Convictions for child molesting may rest upon the uncorroborated testimony of the victim. *Barger v. State,* 587 N.E.2d 1304, 1308 (Ind.1992). In this case, other witnesses corroborated E.C.'s testimony. Further, although we discuss the issue in more detail below, the State introduced into evidence Jackson's statement in which Jackson admitted having sex with E.C. but denied it occurred on more than one occasion. We conclude that although the trial court erred by admitting the officer's deposition testimony into evidence, the error was harmless.

## II.

 In a related argument Jackson complains that the trial court erred by admitting into evidence the exhibits that were a part of the officer's deposition testimony. Although not specifically argued, by implication Jackson challenges also the officer's testimony because of its discussion of the polygraph examination and the ultimate result. We first observe that Jackson filed a pre-trial motion to suppress the exhibits; however, he failed to object contemporaneously to their admission at trial. In fact, when the interview outline and consent form were offered by the State at trial, Jackson expressly stated that he had "[n]o objection." R. at 305, 307. The failure to make a contemporaneous objection to the admission of evidence at trial results in waiver of the error on appeal. *White v. State,* 687 N.E.2d 178, 179 (Ind.1997); *Clausen v. State,* 622 N.E.2d 925, 927 (Ind.1993). A contemporaneous objection affords the trial court the opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Vehorn v. State,* 717 N.E.2d 869, 872 (Ind.1999). Jackson's failure here results in waiver of appellate review.

 Waiver notwithstanding, we address the merits of Jackson's claim. Absent a waiver or stipulation by the parties, the results of polygraph examinations administered to criminal defendants are not admissible. *Sanchez v. State,* 675 N.E.2d 306, 308 (Ind.1996). As such, there are four prerequisites to the admission of polygraph results: (1) the prosecution, defendant, and defense counsel must all sign a written stipulation providing for the defendant's submission to the examination and for the subsequent admission of the results at trial; (2) notwithstanding that stipulation, the admissibility of the test results is at the trial court's discretion regarding the examiner's qualifications and the test conditions; (3) the opposing party shall have the right to cross-examine the examiner if his or her graphs and opinion are offered into evidence; and (4) the jury should be instructed that, at most, the examiner's testimony tends only to show whether the defendant was being truthful at the time of the examination, and that it is for the jury to determine the weight and effect to be given to the examiner's testimony. *Willey v. State,* 712

N.E.2d 434, 439 (Ind.1999); *Sanchez,* 675 N.E.2d at 308.

 In this appeal Jackson challenges only prerequisites (2) and (3). As for prerequisite (2), Jackson contends the written stipulation contained no language "revealing that the court had discretion to admit the test results" and the record does not reveal "that the court considered the examiner's qualifications and test results." Brief of Appellant at 15. As for prerequisite (3), Jackson acknowledges that he cross-examined the polygraph examiner. He complains however that the prerequisite was "not contained in the stipulation." Brief of Appellant at 16.

 There is no requirement that prerequisites (2) and (3) be incorporated into the stipulation. *Davidson v. State,* 558 N.E.2d 1077, 1086 (Ind.1990) (rejecting defendant's argument that the stipulation for admissibility of the polygraph examination was defective because it did not include the limitations on admissibility set forth in prerequisites (2) through (4)). Jackson's argument to the contrary fails. Regarding the allegation that the record does not reveal the court considered the examiner's qualifications and test results, Jackson is mistaken. The record shows that at the hearing on Jackson's motion to suppress, the polygraph examiner testified at length about his qualifications as well as the examination protocol. R. at 214–19. This was sufficient. *See Davidson,* 558 N.E.2d at 1086 (finding that a polygraph examiner's testimony at a suppression hearing regarding his training, experience, and the conditions of the examination was sufficient to find the polygraph results admissible at trial). The trial court did not err by admitting the challenged exhibits into evidence.

### III.

Jackson next contends the trial court erred by admitting his statement into evidence because it was not voluntarily given. The facts are these. After Jackson had taken the polygraph examination, he went to the Warsaw Police Department to talk with Officer Steve Adang, the investigating officer in this case. Before questioning began, Officer Adang advised Jackson of his *Miranda* rights, and Jackson gave no indication that he did not understand what the rights meant. R. at 325. The officer then confronted Jackson with the results of the examination after which Jackson admitted having sexual intercourse with E.C. but insisted it occurred only once and sometime around January or February of 1996. R. at 325, 439. The officer reduced the statement to writing but because Jackson said that he could neither read nor write, the officer read the statement to him. R. at 326. Jackson then signed and dated the statement. Over Jackson's objection the trial court allowed the statement into evidence.

 When a defendant challenges the admissibility of his confession the State must prove beyond a reasonable doubt that the confession was given voluntarily. *Carter v. State,* 730 N.E.2d 155, 157 (Ind. 2000); *Schmitt v. State,* 730 N.E.2d 147, 148 (Ind.2000).[4] On review, this Court looks to the totality of the circumstances surrounding the waiver or confession. *Carter v. State,* 686 N.E.2d 1254, 1257 (Ind.1997). Our focus is whether the waiver or confession was free and voluntary and not induced by any violence, threats, promises, or other improper influences. *Williams v. State,* 715 N.E.2d 843, 846 (Ind.1999). When considering the admissibility of a confession on appeal, we will

---

4. We note that the federal constitution requires the State to prove only by a preponderance of the evidence that a defendant's confession was voluntarily given. *Smith v. State,* 689 N.E.2d 1238, 1246–47 n. 11 (Ind.1997) (citing *Colorado v. Connelly,* 479 U.S. 157, 167–69, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *Lego v. Twomey,* 404 U.S. 477, 488–89, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)). However, in Indiana we require the State to prove the voluntariness of a confession beyond a reasonable doubt, and trial courts are bound to apply this standard when evaluating such claims.

uphold the finding of the trial court if there is substantial evidence of probative value to support it. *Snellgrove v. State,* 569 N.E.2d 337, 343 (Ind.1991).

 Jackson does not allege any violence, threats, promises, or improper influences. Rather, his asserted involuntariness seems to focus on the fact that he "is poorly educated and cannot read or write." Reply Brief of Appellant at 10. A defendant's limited education standing alone does not render a confession involuntary. *Brown v. State,* 698 N.E.2d 1132, 1142 (Ind.1998) (rejecting a claim that defendant's borderline retardation and mental illness rendered confession involuntary), *cert. denied,* 526 U.S. 1056, 119 S.Ct. 1367, 143 L.Ed.2d 527 (1999). Rather, the defendant also must allege some misconduct on the part of the police. *Rhodes v. State,* 698 N.E.2d 304, 308 (Ind.1998) (rejecting defendant's claim that he lacked "the physical, physiological, mental, emotional, and educational capacity to appreciate and understand the full meaning of his *Miranda* rights and that his waiver of those rights was therefore not voluntary, knowing or intelligent."). "Absent police conduct causally related to the confession, there is simply no basis for concluding that any state actor has deprived a defendant of due process of law." *Id.* (quoting *Colorado v. Connelly,* 479 U.S. 157, 164, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)). Here, Jackson does not direct us to any specific instance in which his limited education had a bearing on his ability to waive his *Miranda* rights or to give a knowing and voluntary statement. The record provides an adequate foundation for the trial court's decision to admit the statement into evidence. We find no error on this issue.

### IV.

 For his last allegation of error, Jackson contends the trial court abused its discretion in sentencing him to a cumulative eighty-year sentence. Sentencing decisions are entrusted to the sound discretion of the trial court, are given great deference, and will only be reversed for abuse of discretion. *Sensback v. State,* 720 N.E.2d 1160, 1163 (Ind.1999). Jackson cites no authority in support of his contention; nor does he explain why or how the trial court abused its discretion. This issue is waived for review. *See Ford v. State,* 718 N.E.2d 1104, 1107 n. 1 (Ind. 1999) (finding waiver where defendant made no argument concerning why his sentence was manifestly unreasonable in light of the nature of the offense and the character of the offender); *see also* Ind. Appellate Rule 8.3(A)(7) (requiring cogent argument and citation to authority).

 Waiver notwithstanding, we find no abuse. Citing among other things Jackson's history of criminal activity, the trial court sentenced Jackson to fifty years imprisonment, the maximum term for Class A felony child molesting. *See* Ind. Code § 35–38–1–7.1(b)(2) (listing criminal history as a statutory aggravating factor); *Moore v. State,* 691 N.E.2d 1232, 1236–37 (Ind.Ct.App.1998) (single aggravating factor may support an enhanced sentence for a Class A felony). The trial court did not find, and neither before the trial court nor before this Court does Jackson point to, any mitigating factors. Because Jackson was adjudged a habitual offender the trial court enhanced his sentence by thirty years, the minimum enhancement allowed by statute for a Class A felony. *See* Ind. Code § 35–50–2–8.

### Conclusion

Judgment affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.