## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 30 2015, 8:08 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Earnest Galos
Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony Dean,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 30, 2015<br><br>Court of Appeals Case No.<br>71A03-1412-CR-447<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Jane Woodward Miller, Judge<br><br>Cause No. 71D01-1406-FD-501 |

**Najam, Judge.**

## Statement of the Case

Tony Dean appeals his conviction for possession of cocaine, as a Class D felony, following a jury trial. Dean presents two issues for our review:

1. Whether the trial court abused its discretion when it admitted into evidence cocaine, which officers found in his car.

2. Whether the State presented sufficient evidence to support his conviction.

We affirm.

## Facts and Procedural History

On June 30, 2014, during the early morning hours, South Bend Police Officer Alan Wiegand observed a Cadillac being driven on Miami Street without functioning taillights. Officer Wiegand executed a traffic stop on the Cadillac and approached the driver's side door. The driver, Dean, opened the driver's side door and explained that his window was not operational. Officer Wiegand asked for Dean's driver's license, but, after looking for it, Dean told Officer Wiegand that he could not find his license. Officer Wiegand asked Dean to produce the car's registration, and Dean began searching the car for the registration.

Officer Kyle Dombrowski arrived at the scene and approached the passenger side of Dean's Cadillac. While Dean continued to search for his registration, Officer Dombrowski observed through the windshield and passenger-side

window: a plastic baggie in the center console area; an open alcohol container on the front passenger floorboard; and "pieces of foil and . . . a white powdery substance" on the driver's floorboard area. Tr. at 165. Officer Dombrowski knew, through his training and experience, that baggies and foil are commonly used "to hold and transport small amounts of narcotics." *Id.* Accordingly, Officer Dombrowski "made a motion with [his] hand" to convey to Officer Wiegand that Officer Wiegand should get Dean out of the car, which he did. *Id.* at 166. Officer Dombrowski then conducted a field test on the white powdery substance and identified it as cocaine. The officers arrested Dean.

[5] The State charged Dean with possession of cocaine, as a Class D felony. Prior to trial, Dean filed a motion to suppress the evidence the officers collected from his car during the traffic stop, but the trial court denied that motion. A jury found Dean guilty as charged, and the trial court entered judgment accordingly. The trial court sentenced Dean to thirty months, with twelve months suspended to probation. This appeal ensued.

## Discussion and Decision

### Issue One: Admission of Evidence

[6] Dean first contends that the trial court abused its discretion when it admitted into evidence the cocaine Officer Dombrowski found in Dean's car. The trial court has discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion. *Wilson v. State*, 765 N.E.2d 1265, 1270 (Ind. 2002). However, the failure to make a contemporaneous

objection to the admission of evidence at trial, so as to provide the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced, results in waiver of the error on appeal. *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000).

[7]     Here, at trial Dean made no contemporaneous objection to the following testimony regarding the cocaine found in his car:  Officer Wiegand testified that Officer Dombrowski had found what "appeared to be cocaine" in the car; and Kimberly Ivanyo, a forensic drug chemist with the Indiana State Police, testified that the white powdery substance found in Dean's car was .03 grams of cocaine.  Tr. at 99.  After that evidence had been admitted without objection, Dean later objected to the admission of the following evidence:  the plastic baggie, aluminum foil, and cocaine found in his car.  Because Dean did not make contemporaneous objections to testimony that officers found cocaine in Dean's car, the issue is waived.[1] *Jackson*, 735 N.E.2d at 1152.

### Issue Two:  Sufficiency of the Evidence

[8]     Dean contends that the State presented insufficient evidence to support his conviction.  Our standard of review for sufficiency of the evidence claims is well-settled.  *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict.  We do not assess witness credibility, nor do we reweigh

---

[1] Dean makes no contention that the alleged error constitutes fundamental error.

the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Pillow v. State*, 986 N.E.2d 343, 344 (Ind. Ct. App. 2013) (citations omitted) (internal quotation marks omitted).

[9] To prove possession of cocaine, as a Class D felony, the State was required to show that Dean knowingly or intentionally possessed cocaine. Ind. Code § 35-48-4-6(a). Dean contends that, because the Cadillac belonged to his mother, the car "was not under his exclusive control," and the State did not prove that he possessed the cocaine found in the car. Appellant's Br. at 14. Dean also suggests that the foil and cocaine were not necessarily in plain view in the car, which, he maintains, supports his assertion that he had no knowledge that there was cocaine in the car when he borrowed it.

[10] In *Whitney v. State*, 726 N.E.2d 823 (Ind. Ct. App. 2000), the defendant challenged his conviction for possession of cocaine on similar grounds, namely, that he had borrowed the car where the cocaine was found in a secret compartment and, thus, the State could not prove his possession of the contraband. This court rejected that contention and held as follows:

To prove the intent element, the State must show [the defendant's] knowledge of the presence of the cocaine. "'This knowledge may be inferred from either the exclusive dominion

and control over the premise containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband.'" *Taylor v. State*, 482 N.E.2d 259, 261 (Ind. 1985) (quoting *Woods v. State*, 471 N.E.2d 691, 694 (Ind. 1984)). Whitney contends that he borrowed the car and, therefore was not in exclusive possession. As our supreme court has stated, however: "The issue . . . is not ownership but possession." *Goliday v. State*, 708 N.E.2d 4, 6 (Ind. 1999). Whitney was the driver and sole occupant of the vehicle when Officer Benner stopped him. Thus, the court could reasonably conclude that Whitney was in exclusive possession of the vehicle. *See Parson v. State*, 431 N.E.2d 870, 872 (Ind. Ct. App. 1982) (despite defendant's assertion that another had prior access to the vehicle, the jury could reasonably conclude that vehicle had been reduced to defendant's exclusive possession given the evidence that he was the driver and sole occupant).

\* \* \*

Whitney also contends that he was not capable of maintaining dominion and control over the cocaine because it was hidden in a secret compartment of which he was unaware. The capability requirement is met when the State shows that the defendant is able to reduce the controlled substance to the defendant's personal possession. "Proof of a possessory interest in the premises in which the illegal drugs are found is adequate to show the capability to maintain dominion and control over the items in question." *Davenport v. State*, 464 N.E.2d 1302, 1307 (Ind. 1984). Here, Whitney had sole possession of the car in which the drugs were found. Such possession is sufficient to show his ability to control the cocaine. Because constructive possession may be proved by circumstantial evidence, proof of a possessory interest in the premises in which contraband is found is adequate to show the capability to maintain control and dominion over the contraband. *See Carnes v. State*, 480 N.E.2d 581, 585-86 (Ind. Ct. App. 1985). The evidence is sufficient to support the trial court's

conclusion that Whitney had constructive possession of the cocaine.

*Id.* at 826-27.

[11] Likewise, here, Dean was the driver and sole occupant of the car when Officer Wiegand initiated the traffic stop. Thus, Dean was in exclusive possession of the vehicle, and he had the capability to maintain control and dominion over the cocaine. *Id.* The State presented sufficient evidence to support Dean's conviction.

[12] Affirmed.

Baker, J., and Friedlander, J., concur.