## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2016, 7:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Jesus Macias,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 19, 2016<br><br>Court of Appeals Case No.<br>20A03-1506-CR-758<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Teresa L. Cataldo, Judge<br><br>Trial Court Cause No.<br>20D03-1109-FA-26 |

**Najam, Judge.**

# Statement of the Case

Jose Jesus Macias appeals his convictions and sentence for seven counts of child molesting, each as a Class A felony; one count of vicarious sexual gratification, as a Class B felony; two counts of child molesting, each as a Class C felony; and one count of dissemination of matter harmful to minors, a Class D felony, following a jury trial. Macias raises three issues for our review, which we restate as follows:

1.  Whether Macias preserved for appellate review his claim that the trial court abused its discretion in the admission of certain evidence;

2.  Whether his conviction for child molesting, as a Class A felony, as charged in Count VIII, violates his right to be free from double jeopardy under the Indiana Constitution; and

3.  Whether his aggregate sentence of 200 years and six months is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

In 2008, Macias moved in with his soon-to-be-wife, S.P., and her four children. Two of her children, I.A. and J.A.R., were, respectively, about nine and eight years old at that time. I.A. and J.A.R. saw Macias as a father figure. I.A. and J.A.R. were close friends with A.U., a neighbor who was also about nine years

old in 2008. A.U. was at I.A. and J.A.R.'s house on a daily basis; A.U. felt I.A. and J.A.R. were "brothers" to him. Tr. at 492.

[4] Between 2009 and 2011, Macias repeatedly molested A.U., I.A., and J.A.R. During that time, Macias had A.U. perform oral sex on him, and he performed oral sex on A.U. Macias fondled A.U.'s penis. Macias anally penetrated A.U. and had A.U. anally penetrate him. On one occasion, A.U. "blacked out" from the pain of the penetration. *Id.* at 472. Another time, Macias showed pornographic material to A.U. and made A.U. lick Macias' anus. And, on another occasion, Macias had A.U. and I.A. perform oral sex on each other while he watched. "[T]his type of stuff . . . between [A.U.] and [Macias]" went on for "[a]round two years." *Id.* at 491.

[5] Also during that time, Macias performed oral sex on I.A. and had I.A. perform oral sex on him. Macias fondled I.A.'s penis and had I.A. fondle Macias' penis. Macias also fondled J.A.R.'s penis and had J.A.R. fondle Macias' penis. This happened "[a]lmost every day" for "about a year." *Id.* at 403. On other occasions, Macias made J.A.R. perform oral sex on him.

[6] On September 14, 2011, the State filed its charging information against Macias. As amended, the State charged Macias with the following eleven offenses:

- Count I: Child Molesting, as a Class A felony, for knowingly performing or submitting to deviate sexual conduct with A.U. sometime between September 1, 2009, and March 30, 2011, "on a date separate" than the offenses alleged in other counts.
- Count II: Child Molesting, as a Class A felony, for knowingly performing or submitting to deviate sexual conduct with A.U. sometime

between September 1, 2009, and March 30, 2011, "on a date separate" than the offenses alleged in other counts.

- Count III: Child Molesting, as a Class A felony, for knowingly performing or submitting to deviate sexual conduct with A.U. sometime between September 1, 2009, and March 30, 2011.
- Count IV: Child Molesting, as a Class A felony, for knowingly performing or submitting to deviate sexual conduct with A.U. sometime between September 1, 2009, and March 30, 2011.
- Count V: Dissemination of Matter Harmful to Minors, a Class D felony, for knowingly or intentionally displaying harmful matter to A.U. sometime between September 1, 2009, and March 30, 2011.
- Count VI: Child Molesting, as a Class A felony, for knowingly performing or submitting to deviate sexual conduct with J.A.R. sometime between November 1, 2008, and March 30, 2011.
- Count VII: Child Molesting, as a Class C felony, for knowingly performing or submitting to any fondling or touching of either J.A.R. or Macias with the intent to arouse or satisfy the sexual desires of either sometime between November 1, 2008, and March 30, 2011.
- Count VIII: Child Molesting, as a Class A felony, for knowingly performing or submitting to deviate sexual conduct with J.A.R. sometime between November 1, 2008, and March 30, 2011, "on a date separate" than the offenses alleged in other counts.
- Count IX: Child Molesting, as a Class A felony, for knowingly performing or submitting to deviate sexual conduct with I.A. sometime between January 1, 2010, and March 30, 2011, "on a date separate" than the offenses alleged in other counts.
- Count X: Child Molesting, as a Class C felony, for knowingly performing or submitting to any fondling or touching of either I.A. or Macias with the intent to arouse or satisfy the sexual desires of either sometime between January 1, 2010, and March 30, 2011, "on a date separate" than the offenses alleged in other counts.
- Count XI: Vicarious Sexual Gratification, as a Class B felony, for knowingly directing, aiding, inducing, or causing I.A. to engage in deviate sexual conduct with A.U. with the intent to arouse or satisfy the sexual desire of either I.A. or Macias sometime between January 1, 2010, and March 30, 2011.

Appellant's App. at 265-67. After a jury trial in which each of the children testified, the jury found Macias guilty as charged.

[7] Following a sentencing hearing, the court sentenced Macias to 200 years and six months in the Indiana Department of Correction. The court explained Macias' sentence as follows:

> In arriving at the sentences imposed herein, the court notes that the defendant began consuming alcoholic beverages at the age of 17 or 18[] and that he has ingested marijuana in the past. Even though there was no evidence that either one of those substances was used by the defendant prior to his criminal conduct in this case, the court finds that it shows a disdain on the part of the defendant for the law. The court also considers as aggravators the fact that there are multiple counts in this case involving multiple victims. The court also notes as aggravating factors that the defendant subjected his victims to various acts of sexual molestation over a significant period of time[] and that the defendant took the innocence of these children, which is something that can never be returned to them. The victims . . . were quite young when these acts of molestation were first perpetrated upon them; [J.A.R.] was seven or eight years of age, and [A.U.] and [I.A.] were nine years old. The court notes that the innocence and joy of a child of that age can never be restored. In addition, the defendant was a person who was in a position of having care, custody, or control over his victims, especially [J.A.R.] and [I.A.] who were the defendant's stepsons. The defendant violated the position of trust he held with respect to his victims by molesting them repeatedly and forcing these children to perform sexual acts upon each other while he watched. Finally, the court has considered the fact that the defendant's criminal history includes a conviction for the crime of Battery, which is a criminal offense involving violence. The court finds that the defendant's criminal conduct in this case is an escalation of that same type of act of violence, as Child

Molestation is a crime of violence as set out in Indiana Code 35-50-1-2. The court finds all the foregoing to be aggravators in this case. The court does find the existence of mitigators in this case, as well, in the statement of the defendant himself and the statements presented on his behalf by his counsel. In addition, the court does take the eighty-some letters that were received from the defendant's family and friends as a mitigator; however, the court finds that all of the mitigators taken as a whole do not outweigh any one of the aggravating factors . . . . Therefore, the court finds the aggravated sentences imposed herein are appropriate.

 . . . [W]ith respect to Count I, the defendant is sentenced . . . for a period of thirty (30) years. With respect to Count II, the defendant is sentenced . . . for a period of thirty (30) years, consecutive to Count I. . . . With respect to Count III, the defendant is sentenced . . . for a period of thirty (30) years, consecutive to Counts I and II. . . . With respect to Count IV, the defendant is sentenced . . . for a period of thirty (30) years, to be served concurrently with the sentence imposed for Count I. With regard to Count V, the defendant is sentenced to one and a half (1 1/2) years . . . consecutive to Counts I, II, and III. With regard to Count VI, the defendant is sentenced . . . for a period of thirty (30) years, consecutive to Counts I, II, III and V. With respect to Count VII, the defendant is sentenced . . . for a period of four (4) years[,] concurrent with Count VI. With respect to Count VIII, the defendant is sentenced . . . for a period of thirty (30) years, consecutive to Counts I, II, III, V, and VI. With respect to Count IX, the defendant is sentenced . . . for a period of thirty (30) years, consecutive to Counts I, II, III, V, VI, and VIII. With respect to Count X, the defendant is sentenced . . . for a period of four (4) years, consecutive to Counts I, II, III, V, VI, VIII, and IX. With regard to Count XI, the defendant is sentenced . . . for a period of fifteen (15) years, consecutive to Counts I, II, III, V, VI, VIII, IX[,] and X. The court notes that all of these charges could have been run consecutively as there

was enough evidence presented at trial to prove each was a separate and distinct act; however, the court in its discretion has chosen not to run several of the counts concurrent as opposed to consecutive.

*Id.* at 32-33. In other words, the court sentenced Macias to a term of ninety-one and one-half years (not including Count XI) for his offenses against A.U.; sixty years for his offenses against J.A.R.; and forty-nine years (including Count XI) for his offenses against I.A., with the term imposed for each of Macias' victims to run consecutively for an aggregate term of 200 years and six months. This appeal ensued.

## Discussion and Decision

### *Issue One: Admission of Evidence*

[8] On appeal, Macias first argues that the trial court abused its discretion when it permitted Goshen Police Department Detective Thomas Fuller to testify as to out-of-court statements I.A. made to him during Detective Fuller's investigation into Macias' acts. The trial court has discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion. *Wilson v. State*, 765 N.E.2d 1265, 1270 (Ind. 2002).

[9] However, the failure to make a contemporaneous objection to the admission of evidence at trial, so as to provide the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced, results in waiver of the alleged error on appeal. *Jackson v. State*, 735 N.E.2d 1146, 1152 (Ind. 2000). Here, at trial Macias made no contemporaneous objection to

Detective Fuller's description of I.A.'s out-of-court statements. Accordingly, Macias did not preserve this issue for our review, and we will not consider it.[1]

*Id.*

### Issue Two:  Double Jeopardy

[10]  Macias next asserts that the trial court violated his right to be free from double jeopardy under Article 1, Section 14 of the Indiana Constitution when it entered its judgment of conviction against him on both Count VI and Count VIII.[2]  As our supreme court has explained:

> In *Richardson v. State*, 717 N.E.2d 32 (Ind.1999)[,] this Court concluded that two or more offenses are the same offense in violation of article 1, section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense.  Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts.  *Id.* at 53.  To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense."  *Id.*  The actual evidence test is applied to all the elements of both offenses.  "In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also

---

[1]  Macias does not assert that the admission of this evidence constituted fundamental error.

[2]  We note that Macias styles this argument as insufficient evidence to support Count VIII.

establish only one or even several, but not all, of the essential elements of a second offense." *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002).

Our precedents "instruct that a 'reasonable possibility' that the jury used the same facts to reach two convictions requires substantially more than a logical possibility." *Lee v. State*, 892 N.E.2d 1231, 1236 (Ind. 2008) (citing cases). The reasonable possibility standard "fairly implements the protections of the Indiana Double Jeopardy Clause and also permits convictions for multiple offenses committed in a protracted criminal episode when the case is prosecuted in a manner that insures that multiple guilty verdicts are not based on the same evidentiary facts." *Richardson*, 717 N.E.2d at 53 n.46. The existence of a "'reasonable possibility' turns on a practical assessment of whether the [fact finder] may have latched on to exactly the same facts for both convictions." *Lee*, 892 N.E.2d at 1236. We evaluate the evidence from the jury's perspective and may consider the charging information, jury instructions, and arguments of counsel. *Id.* at 1234.

*Garrett v. State*, 992 N.E.2d 710, 719-20 (Ind. 2013) (last alteration original).[3]

[11] There is not a reasonable possibility that the jury latched onto exactly the same facts when it found Macias guilty under Count VI and Count VIII. The charging information for Count VIII was explicitly premised on the facts underlying that charge occurring "on a date separate than as alleged in Count[] VI . . . ." Appellant's App. at 266. The court read Count VIII to the jurors while giving them final instructions. And, during her closing argument, the

---

[3] Macias does not challenge the validity of his convictions under either the United States Constitution or the statutory elements test of the Indiana Constitution.

prosecutor separately described the factual bases for Count VI and Count VIII. For Count VI, she stated that "at times [Macias] would have [J.A.R.] touch and fondle [Macias'] penis and then place [Macias'] penis in [J.A.R.'s] mouth." Tr. at 629. For Count VIII, she stated that at "one particular time in the garage . . . [J.A.R.] was caused to put his mouth on [Macias'] penis." *Id.* In light of the charging information, jury instructions, and the arguments of counsel, there is not a reasonable possibility that the jury relied on exactly the same facts to support its verdict for both Count VI and Count VIII.

[12]   Moreover, Macias' argument on this issue is based on the premise that J.A.R. testified that Macias had made J.A.R. perform oral sex on him one time. But this is not an accurate interpretation of J.A.R.'s testimony. Rather, J.A.R. made clear that Macias made him perform oral sex "off and on for about a year." *Id.* at 407. Accordingly, we reject Macias' argument under Article 1, Section 14 of the Indiana Constitution.

### Issue Three: Whether Macias' Sentence is Inappropriate

[13]   Finally, Macias asserts that his aggregate term of 200 years and six months is inappropriate in light of the nature of the offenses and his character. We cannot agree.

[14]   Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's

recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to attempt to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

[15] We initially note that, for seven Class A felony convictions, one Class B felony conviction, two Class C felony convictions, and one Class D felony conviction, Macias faced a maximum possible term of 389 years. *See* Ind. Code §§ 35-50-2-4 to -7 (2008). Indeed, just considering the sentences actually imposed here, Macias could have received 234 years and six months had the trial court ordered all sentences to run consecutively. We also note that Macias received the advisory sentence for each of his convictions except his conviction on Count XI, Class B felony vicarious sexual gratification, which the trial court enhanced to fifteen years, five years below the maximum sentence for a Class B felony.

[16] In imposing Macias' sentence, the trial court found the following aggravating circumstances:

- Macias' "disdain . . . for the law";
- That there were multiple counts involving multiple victims;
- That Macias committed "various acts of sexual molestation over a significant period of time";
- That Macias "took the innocence of these children";
- That the victims were each "quite young";

- That Macias held a position of trust over his victims; and
- That Macias had a criminal history of an offense against the person.

Appellant's App. at 32. And, as mitigators, the court noted Macias' statement, and the statement of his counsel, during sentencing, as well as the support Macias had from friends and family. However, the court found that any one of the aggravating circumstances outweighed all of the mitigating circumstances.

[17] With those concerns in mind, we turn to the merits of Macias' arguments on appeal. We first consider Macias' assertion that both this court and the Indiana Supreme Court have "repeatedly exercised [their] power under Ind. App. Rule 7([B]) to allow for concurrent sentences in situations where there are multiple counts involving the same victim." Appellant's Br. at 17. We interpret this argument to be that this court should revise Macias' sentence for each of the victims to thirty years, the longest single sentence he received against each of his victims, with all other sentences against that victim to run concurrent with that term.

[18] We reject that argument. There is no mandate from the Indiana Supreme Court on similar facts that multiple sex crimes against a single victim result in concurrent sentencing. Indeed, our supreme court has emphasized that appellate review under Rule 7(B) "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

[19]     In any event, our holding in *Remy v. State*, 17 N.E.3d 396, 402-03 (Ind. Ct. App. 2014), *trans. denied*, demonstrates that none of Macias' sentences with respect to each of his three victims is an outlier. In *Remy*, a jury found the defendant guilty of three counts of child molesting, each as a Class A felony; one count of child molesting, as a Class C felony; and one count of performing sexual conduct in the presence of a minor, a Class D felony. Each of the defendant's convictions was based on conduct toward one victim, his girlfriend's child. The trial court imposed the advisory sentence on each count but ordered the sentences to run consecutively for an aggregate term of ninety-five and one-half years.

[20]     In affirming the defendant's sentence on appeal, we stated:

> Although they involve the same victim, the charged acts spanned two years and were based on a variety of appalling and degrading sex acts. . . .
>
> The trial court identified five aggravators here: (1) [the defendant] abused a position of trust with the victim; (2) the number of times the activities occurred; (3) the opportunistic way in which [the defendant] perpetrated the crimes; (4) the many locations in which the crimes occurred; and (5) the heinous nature of the activities to which [the defendant] subjected [the child.] [The defendant's] lack of criminal history was the only mitigator. As the States points out, our case law recognizes several of these as valid aggravating factors in child molest cases. [The defendant] has not convinced us that his sentence is inappropriate in light of the nature of his offenses and his character.

*Id.* (citations and footnote omitted).

[21] Similarly here, Macias' criminal acts spanned two years and were based on a variety of appalling and degrading sex acts. As the State correctly observes, Macias' offenses were "deplorable," "egregious[,]" and "humiliating." Appellee's Br. at 20-21. Macias abused a position of trust over the victims, and he did so repeatedly. And, with the exception of Count XI, as in *Remy* here the trial court imposed advisory sentences that it then ordered to be served consecutively. However, unlike in *Remy*, Macias does have a criminal history, namely, a prior conviction for battery, as a Class D felony, and the trial court additionally found that Macias has "disdain . . . for the law." Appellant's App. at 32.

[22] Accordingly, we cannot say that Macias' term of ninety-one and one-half years (not including Count XI) for his offenses against A.U., sixty years for his offenses against J.A.R., or forty-nine years (including Count XI) for his offenses against I.A. are inappropriate in light of the nature of Macias' offenses against them.[4] Neither can we say that Macias' 200-year-and-six-month sentence is inappropriate in light of the nature of his sustained offenses against his several victims.

[23] Still, Macias additionally argues that his sentence is inappropriate with respect to the nature of the offenses because the "offenses were all part of an episode of

---

[4] We note that our disposition is not affected by allocating the sentence for Count XI to A.U., I.A., or both.

criminal conduct" and "[t]he fact that one offense occurred on a different date than another is of no import" here. Appellant's Br. at 18. Macias' actions spanned more than two years and were directed at three victims. We are not at all persuaded by his assertion that his actions were "so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to details of the other charge." *Johnican v. State*, 804 N.E.2d 211, 217 (Ind. Ct. App. 2004). As such, we reject this argument.

[24] Macias also asserts that, with his status as a credit-restricted felon,[5] his aggregate sentence is, "[e]ssentially, . . . the equivalent [of] a sentence of life . . . without the possibility of parole." Appellant's Br. at 20. It is not clear what Macias' complaint here is; the trial court did not impose an illegal sentence. We conclude that Macias' assertion is not supported by cogent reasoning, and we do not consider it.[6] Ind. Appellate Rule 46(A)(8)(a).

[25] Finally, Macias argues that his sentence is inappropriate in light of his character. But this argument simply asks this court to, in effect, give more weight to the mitigators found by the trial court than the trial court gave them, which we will not do. Rather, we agree with the State that the evidence thoroughly demonstrates Macias' poor character. In particular, he abused a

---

[5] Macias earns one day of credit time for every six days imprisoned.

[6] Macias was forty years old at the time of sentencing and, as discussed above, appears to argue that thirty-year terms for each of his victims, or ninety years total if those terms were to run consecutively, would be an appropriate sentence. Thus, under Macias' own argument, his release date would be sometime after he turned 116 years old.

position of trust to commit sex crimes against two of his stepsons and their friend. We cannot say that Macias' aggregate sentence of 200 years and six months is inappropriate.

[26] In sum, we affirm Macias' convictions and sentence.

[27] Affirmed.

May, J., concurs.

Riley, J., concurs in part and dissents in part with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Jesus Macias, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | Court of Appeals Case No. <br> 20A03-1506-CR-758 |

**Riley, Judge, concurring in part and dissenting in part**

While I concur with the majority's decision to affirm Macias' convictions, I respectfully dissent from the decision to affirm his aggregate sentence of 200 years and six months.

As noted by the majority, Indiana Appellate Rule 7(B) allows an appellate court to revise a sentence authorized by statute if, after due consideration of the trial court's decision, the appellate court finds the sentence is inappropriate in light of the nature of the offense and the character of the offender. *See* Slip op. p. 10.

Based on the evidence before me, I agree with the trial court's sentence as to each individual Count; however, I disagree with the way the trial court— affirmed by the majority—runs the Counts with respect to each other. I would advise to run the sentences of Counts II, III, IV, and V concurrent with the thirty year sentence of Count I. Likewise, I advise to run the sentences of Counts VII and VIII concurrent to the thirty year sentence of Count VI, and the sentences of Counts X and XI concurrent to the thirty year sentence of Count IX. The sentences of Counts I, VI, and IX should run consecutive to each other, for an aggregate sentence of ninety years. In other words, I would revise Macias' sentence for each of the victims to thirty years, with all other sentences against that same victim to run concurrent with that term, and consecutive to the terms of the other victims.