## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 05 2018, 10:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Barry Lee Cook,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 5, 2018

Court of Appeals Case No.
27A05-1708-CR-1851

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

Trial Court Cause No.
27D02-1602-F4-4

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Barry Lee Cook was convicted of dealing in a narcotic drug and unlawful possession of a firearm by a serious violent felon, both Level 4 felonies. Cook now appeals his convictions, presenting only one issue for our review which we restate as: whether the trial court abused its discretion when it allowed a confidential informant's deposition to be admitted as evidence at trial under the "forfeiture by wrongdoing" hearsay exception. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] In January 2016, the Marion Police Department apprehended H.B., a young woman named as a suspect in a recent robbery. At the time, H.B. was leaving the Greentree Apartments complex, a location under surveillance by the Grant County Joint Effort Against Narcotics ("JEAN team") due to recent drug activity. In exchange for the State foregoing criminal charges against her, H.B., an admitted heroin addict, agreed to make controlled buys at the Greentree Apartments complex and was assigned a confidential informant number.

[3] Thereafter, and under the surveillance of the JEAN team, H.B. contacted Cook, her purported drug supplier in Greentree Apartments, and arranged to purchase heroin. This phone call was recorded and JEAN detectives fitted H.B. with a video recording device and supplied her with $150 of "buy money" to make the purchase of heroin. The "buy money" was photocopied and recorded on a

digital device. H.B. was then transported back to the Greentree Apartments complex and, under surveillance by JEAN detectives, entered an apartment to make contact with Cook.

[4] In a video later presented at trial, H.B. found Cook seated at a table next to Evelyn Huffman, one of two women present in the apartment along with Carly Snyder. A handgun was positioned on the table nearby, and H.B. took a seat before handing Cook the "buy money." Cook accepted the money and handed H.B. five small bags of heroin weighing a total of .33 grams. H.B. then placed the heroin inside a Cigarillo package handed to her by Huffman and rendezvoused with Detective Leland Smith outside the apartment complex.

[5] The JEAN team then obtained and executed a search warrant on the apartment. Inside, officers located Cook, Snyder, and Huffman, and found a handgun on the floor near where Cook was seated. The "buy money" was also found in Cook's pockets and he was arrested and charged with dealing in a narcotic drug and unlawful possession of a firearm by a serious violent felon, both Level 4 felonies.

[6] At trial, Snyder and Huffman testified against Cook. Snyder testified that she observed Cook move the handgun from the table to the floor where it was discovered by officers. Snyder also testified that Cook had instructed her to package a specific amount of heroin and that she had witnessed Cook hand a woman heroin in exchange for cash. Similarly, Huffman testified that she

witnessed Cook hand a woman heroin in exchange for cash and that the woman put the drugs in a Cigarillo package, which she had handed her.

[7] After H.B. failed to appear at trial, the State presented evidence that Cook and one of his cellmates, Devin Sims, had called several individuals, including Cook's mother and sister, asking them to persuade H.B. not to testify against Cook. Julie Autry, an investigator with the Grant County Prosecutor's Office, testified that H.B. was afraid and had reported several threats. Autry also testified that she had listened to a number of jail phone calls and that she recalled hearing Sims attempting to obtain H.B.'s phone number and telling the recipient of the phone call to tell H.B. "not to go to Court, that she needs to stay where she is." Transcript, Volume 2 at 122. Over Cook's objection, the trial court permitted the State to present H.B.'s pretrial deposition pursuant to the "former testimony" hearsay exception and the "forfeiture by wrongdoing" hearsay exception. H.B. had stated in the deposition that she went to Greentree Apartments and gave Cook cash in exchange for drugs.

[8] The jury found Cook guilty of dealing in a narcotic drug, and, in a second phase of the trial, the jury found Cook guilty of unlawful possession of a firearm by a serious violent felon, both Level 4 felonies. Thereafter, the trial court sentenced Cook to concurrent sentences of eight years executed in the Indiana Department of Correction followed by two years suspended to probation. Cook now appeals.

# Discussion and Decision

Cook contends that the trial court abused its discretion in admitting H.B.'s deposition under the "forfeiture by wrongdoing" hearsay exception and that, in so doing, the trial court violated his Sixth Amendment right to confrontation.

## I. Standard of Review

A trial court has broad discretion to admit or exclude evidence, including purported hearsay. *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014). Rulings on the admission of evidence are reviewed for abuse of discretion. *McHenry v. State*, 820 N.E.2d 124, 128 (Ind. 2005). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012).

## II. Hearsay

The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions the accused shall enjoy the right . . . to be confronted with the witnesses against him."[1] Through incorporation, the Sixth Amendment applies to the states under the Fourteenth Amendment's Due Process and Equal Protection Clauses. *Pointer v. Texas,* 380 U.S. 400, 406 (1965). In criminal cases, the Confrontation Clause prohibits the use of any hearsay against the

---

[1] Although Cook also alleges that his right to confrontation under Article 1, Section 13 of the Indiana Constitution was violated, he makes no separate argument on that basis. Therefore, we need not address the issue separately. *Jackson v. State,* 735 N.E.2d 1146, 1150 n. 1 (Ind. 2000).

accused in a criminal case unless the declarant is unavailable to testify and the accused had a prior opportunity to cross-examine the declarant. *Crawford v. Washington,* 541 U.S. 36, 59 (2004).

Hearsay is an out-of-court statement offered for "the truth of the matter asserted." Ind. Evidence Rule 801(c)(2). Hearsay is generally not admissible as evidence, Evid.R. 802, and whether a statement is hearsay, "will most often hinge on the purpose for which it is offered." *Blount,* 22 N.E.3d at 565. As a general rule, "the deposition testimony of an absent witness offered in court to prove the truth of the matter asserted represents classic hearsay." *Jackson,* 735 N.E.2d at 1150. "However, under both Indiana Trial Rule 32 and Indiana Evidence Rule 804 this hearsay testimony may be admissible as evidence at trial as an exception to the hearsay rule." *Id.*

## A. Forfeiture by Wrongdoing

Indiana Evidence Rule 804(b) provides:

> Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness.
>
> * * *
>
> (5) *Statement Offered Against a Party That Wrongfully Caused the Declarant's Unavailability.* A statement offered against a party that has engaged in or encouraged wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness for the purpose of preventing the declarant

as a witness for the purpose of preventing the declarant from attending or testifying.

[14] We first addressed Rule 804(b)(5) in *White v. State*, 978 N.E.2d 475 (Ind. Ct. App. 2012), *trans. denied.* There, because Rule 804(b)(5)[2] was patterned on its federal counterpart, Federal Evidence Rule 804(b)(6), we looked to federal case law and relied upon the following explanation of the forfeiture by wrongdoing hearsay exception by the Second Circuit Court of Appeals:

> prior to finding that a defendant waived his confrontation rights with respect to an out-of-court statement by an actual or potential witness admitted pursuant to Rule 804(b)(6), the district court must hold an evidentiary hearing outside the presence of the jury in which *the government has the burden of proving by a preponderance of the evidence that (1) the defendant (or party against whom the out-of-court statement is offered) was involved in, or responsible for, procuring the unavailability of the declarant "through knowledge, complicity, planning or in any other way;" and (2) the defendant (or party against whom the out-of-court statement is offered) acted with the intent of procuring the declarant's unavailability as an actual or potential witness. . . . The government need not, however, show that the defendant's sole motivation was to procure the declarant's absence;* rather, it need only show that the defendant was motivated *in part* by a desire to silence the witness. . . . Further, in order to avoid the admission of facially unreliable hearsay, the district court should undertake a balancing of probative value against prejudicial effect in accordance with Fed.R.Evid. 403. The district court's findings after a hearing will not be disturbed unless they are clearly erroneous, and we are particularly hesitant to disturb the court's

---

[2] "[Rule 804(b)(5)] was not in the original Evidence Rules, but was adopted by amendment effective [July 1,] 2009." *Id.*

determinations when they are based on its evaluation of the credibility of witnesses.

*Id.* at 479-80 (citing *United States v. Dhinsa*, 243 F.3d 635, 653-54 (2nd Cir. 2001), *cert. denied,* 534 U.S. 897 (2001)) (citations and quotations omitted).

Here, following a hearing outside the presence of the jury, the trial court concluded:

> [U]nder 804(B)(5) a statement offered against a party that wrongfully caused the declarant's unavailability having listened to the testimony of Ms. Autry as well as all of the jail calls that were submitted by the State, I do find that the State has shown that the defendant wrongfully caused the unavailability of [H.B.] and therefore that he has waived his right to, his [*Crawford v. Washington*] right essentially to confront and cross-examine that person in, in person during the trial, so the deposition is admissible and the State may present that by having it read into the record.

Tr., Vol. 2 at 142.

On appeal, Cook confines his argument solely to the issue of balancing under Rule 403.[3] Although unsupported by citations to precedent, Cook suggests that the trial court abused its discretion when it "failed to make any statement to

---

[3] Indiana Evidence Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.

indicate that she made any determination that the probative value of the [Rule] 804(b)(5) evidence outweighed the danger of unfair prejudice." Brief of Appellant at 15. For several reasons, we disagree.

[17] We begin by observing that Cook never objected to the admission of H.B.'s prior deposition on Rule 403 grounds. "To preserve a claimed error in the admission of evidence, a party must make a contemporaneous objection that is sufficiently specific to alert the trial judge fully of the legal issue." *Raess v. Doescher*, 883 N.E.2d 790, 797 (Ind. 2008) (internal quotations omitted). "The requirement that evidentiary objections be made timely is for the purpose of permitting a trial court to take appropriate preventative or corrective action during trial." *Stephenson v. State*, 29 N.E.3d 111, 119 (Ind. 2015). Had Cook timely objected to the deposition's admission on Rule 403 grounds, the trial court could have easily made a statement that the probative value of the Rule 804(b)(5) evidence outweighed the danger of unfair prejudice—just as Cook now requests. But, since Cook failed to lodge a timely objection, absent fundamental error, he is procedurally foreclosed from raising this issue on appeal. *Id.* at 118.

[18] Waiver notwithstanding, Cook has failed to demonstrate the trial court abused its discretion. We have previously explained that the weighing of the probative value of evidence against the danger of unfair prejudice "is a discretionary task best performed by the trial court." *Bryant v. State*, 984 N.E.2d 240, 249 (Ind. Ct. App. 2013), *trans. denied.* Here, Cook has failed to provide us a basis to question the trial court's decision; rather, Cook advances an argument

regarding a potential contradiction between video evidence and H.B.'s deposition, which is an argument pertaining to the evidence's weight, not its admissibility. And finally, contrary to Cook's apparent claim on appeal, a trial court does not abuse its discretion simply by failing to make a specific finding regarding the application of Rule 403. *Fry v. State,* 748 N.E.2d 369, 372 (Ind. 2001) ("Although the trial court did not make a specific finding on the balance of prejudice and probative value, it did not abuse its discretion under Rule 403."). Therefore, we conclude the trial court did not abuse its discretion in admitting H.B.'s prior deposition under Rule 804(b)(5).

## B. Harmless Error

[19] Regardless of whether the trial court abused its discretion, any such error would be harmless. "Generally, errors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party." *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012). In determining the effect of the evidence on a defendant's substantial rights, we look to the probable impact on the fact finder. *Id.* Moreover, the "improper admission [of evidence] is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." *Id.*

[20] First, the trial court admitted H.B.'s prior deposition under two different hearsay exceptions: "former testimony" and "forfeiture by wrongdoing." The trial court explained:

Alright, so at this point I'm going to go ahead and rule on the issue that I have before me and that is the admissibility of the deposition. I see two theories upon which it can come in, the first of those is 804(B)(1) as former testimony. The defendant wanted to depose [H.B.]. [H.B.] was produced for that deposition. Therefore, the, the [sic] deposition is former testimony from this case given during a lawful deposition and it's now offered against a party who had an opportunity and similar motive to develop by direct, cross, or re-direct examination so under 804(B)(1) it comes in, and under 804(B)(5) . . . I do find that the State has shown that the defendant wrongfully caused the unavailability of [H.B.]

Tr., Vol. 2 at 141-42. Thus, even if Cook successfully demonstrated that the evidence was inadmissible under the "forfeiture by wrongdoing" hearsay exception, he was still required to demonstrate the trial court abused its discretion by admitting the evidence under the "former testimony" exception. Cook, however, waived this issue by failing to raise it on appeal. Ind. Appellate Rule 46(A)(8); *Dye v. State,* 717 N.E.2d 5, 13 (Ind. 1999). Therefore, any error under Rule 804(b)(5) was harmless because the evidence was otherwise admissible. *See Wallace v. State*, 79 N.E.3d 992, 997 (Ind. Ct. App. 2017) (noting that it is well established that our court may affirm an evidentiary decision based on any legal theory supported by the record).

[21] Moreover, there was substantial independent evidence of Cook's guilt. The record reveals that both Snyder and Huffman testified to Cook's sale of heroin to H.B. as well as the surrounding events: Snyder testified that she packaged the heroin for the deal and Huffman testified that she gave H.B. a Cigarillo package that H.B. later used to conceal the heroin. Snyder testified that she witnessed

Cook in possession of the handgun prior to the officers' arrival and the handgun was found near where Cook was seated. Officers also discovered the previously-recorded "buy money" in Cook's pockets. Accordingly, any error would be harmless.

# Conclusion

For the reasons set forth more thoroughly above, we conclude the trial court did not abuse its discretion when it admitted H.B.'s prior deposition under Rule 804(b)(5), and that even if it did, any such error would be harmless. We therefore affirm Cook's convictions.

Affirmed.

Crone, J., and Bradford, J., concur.